UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ADVANCED PRIVATE POLICE LLC,

        Plaintiff,

                                                                                                                                                                Case No. 25-cv-0111-bhl

    v.

BLACKOUT PRIVATE POLICE LLC,

        Defendant.

## ORDER FOR SUPPLEMENTAL BRIEFING

       On January 22, 2025, Plaintiff Advanced Private Police LLC filed its complaint against Defendant Blackout Private Police, alleging that the defendant violated the Lanham Act, 15 U.S.C. 1125(a), and engaged in unfair competition and tortious interference with a contract in violation of state law. (ECF No. 1.) Magistrate Judge Stephen C. Dries was assigned to the case. On April 22, 2025, Plaintiff filed a motion for additional time to serve the defendant, indicating difficulties serving the defendant and requesting permission to serve through publication. (ECF No. 4.) On May 12, 2025, the Court granted the motion, and on May 15, 2025, Plaintiff filed proof of service, showing that the Milwaukee Journal Sentinel published notice of the suit on April 21, May 3, and May 10, 2025. (ECF Nos. 6 & 7.) The defendant never appeared, and on November 9, 2025, after prompting from the Court, Plaintiff requested Clerk's entry of default, which the Clerk entered the same day. (ECF Nos. 8 & 9.) On January 21, 2026, Plaintiff filed a motion for default judgment. (ECF No. 14.) The motion is one page, indicates that Plaintiff "relies upon the record in this case," and includes two declarations concerning damages and costs. (ECF No. 14 at 1; ECF Nos. 14-1 & 14-2.) Plaintiff requests an evidentiary hearing on the motion. (ECF No. 14.) The defendant never responded to the motion, and on February 20, 2026, the case was reassigned from the magistrate judge.

       The Court will set an evidentiary hearing for **April 13, 2026** at **1:30 p.m.** Given the sparse information supplied within Plaintiff's motion, the Court will order Plaintiff to provide supplemental materials no later than **April 6, 2026**. The supplement should include facts and law

explaining how the allegations set forth in the complaint establish Plaintiff's claims. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) ("Upon default, the well-pled allegations of the complaint relating to liability are taken as true . . . ."). Plaintiff should also summarize its request for relief and any evidence supporting that request. *See id.* ("[Allegations] relating to the amount of damages suffered ordinarily are not [taken as true].").

Accordingly,

**IT IS HEREBY ORDERED** that a Default Judgment Hearing is set for **April 13, 2026** at **1:30 p.m.** in Courtroom 320, 517 E Wisconsin Ave., Milwaukee, WI 53202 before Judge Brett H. Ludwig. On or before **April 6, 2026**, Plaintiff must file a supplemental brief. The supplement must include facts and law explaining how the allegations set forth in the complaint establish Plaintiff's claims and a summary of summarize its request for relief and any evidence supporting that request.

Dated at Milwaukee, Wisconsin on March 5, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge